UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SHERRI McKOWEN,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the Social<br>Security Administration,<br><br>　　　　　Defendant. | Case  No. CV 11-4939 AJW<br><br>MEMORANDUM OF DECISION |

　　　　Plaintiff filed this action seeking reversal of the decision of defendant, the Commissioner of the Social Security Administration (the "Commissioner"), denying plaintiff's application for disability insurance benefits and supplemental security income ("SSI") benefits.  The parties have filed a Joint Stipulation ("JS") setting forth their contentions with respect to each disputed issue.

**Administrative Proceedings**

　　　　The procedural facts are summarized in the Joint Stipulation. [JS 2]. In an November 7, 2008 hearing decision that constitutes the Commissioner's final decision in this matter, an administrative law judge ("ALJ") found that plaintiff had severe impairments consisting of headaches and chronic fatigue, but that she retained the residual functional capacity ("RFC") to perform a full range of light work. [Administrative Record ("AR") 19]. The ALJ concluded that plaintiff was not disabled because her RFC did not preclude her from performing work available in significant numbers in the national economy. [AR 23-24].

**Standard of Review**

The Commissioner's denial of benefits should be disturbed only if it is not supported by substantial evidence or is based on legal error. Stout v. Comm'r, Social Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006); Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). "It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)(internal quotation marks omitted). The court is required to review the record as a whole and to consider evidence detracting from the decision as well as evidence supporting the decision. Robbins v. Social Sec. Admin, 466 F.3d 880, 882 (9th Cir. 2006); Verduzco v. Apfel, 188 F.3d 1087, 1089 (9th Cir. 1999). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas, 278 F.3d at 954 (citing Morgan v. Comm'r of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir.1999)).

**Plaintiff's right to counsel and the ALJ's duty to develop the record**

Plaintiff contends that she did not make a fully informed waiver of her right to counsel because she was not advised in the Commissioner's pre-hearing written notice nor by the ALJ that attorneys' fees are limited to twenty-five percent of retroactive benefits. [JS 4]. Plaintiff also contends that she was prejudiced by her lack of representation during the hearing. [JS 7].

A social security disability claimant has a "statutory right, which may be waived, to be represented by counsel before an ALJ," Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997) (per curiam), or, alternatively, to be represented by a non-attorney. See 20 C.F.R. §§ 404.949-404.950, 416.1449-416.1450.

The Commissioner

> shall notify each claimant in writing, together with the notice to such claimant of an adverse determination, of the options for obtaining attorneys to represent individuals in presenting their cases before the Commissioner of Social Security. Such notification shall also advise the claimant of the availability to qualifying claimants of legal services organizations which provide legal services free of charge.

2

42 U.S.C. § 406(c). No disclosure is required regarding a claimant's right to representation "other than the disclosure required by § 406(c)." Roberts v. Comm'r of the Social Sec. Admin., 644 F.3d 931, 934 (9th Cir. 2011) (per curiam).

Plaintiff received a pre-hearing written notice advising her, among other things, of her right to representation. During the hearing, she acknowledged receipt of that notice, and she waived her right to representation. [See AR 31-32, 57, 61; see also JS 5 & Exhibit A]. The notice plaintiff received complies with the section 406(c) disclosure requirements regarding the right to representation. See 42 U.S.C. § 406(c); Roberts, 644 F.3d at 933. Therefore, plaintiff's contention that she did not make a knowing waiver of her right to counsel lacks merit.

The existence of a knowing waiver does not preclude a claimant from arguing that she was prejudiced by the absence of counsel. "[T]he issue is not whether the right to representation was knowingly waived," but whether plaintiff can demonstrate that the absence of counsel caused prejudice or unfairness in the administrative proceedings. Vidal v. Harris, 637 F.2d 710, 713-714 (9th Cir. 1981). The ALJ is not "a mere umpire," but rather "has 'a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered.'" Widmark v. Barnhart, 454 F.3d 1063, 1068 (9th Cir. 2006)(quoting Higbee v. Sullivan, 975 F.2d 558, 561 (9th Cir. 1992) (per curiam) and Brown v. Heckler, 713 F.2d 441, 443 (9th Cir.1983)). When a claimant is not represented by counsel, "it is incumbent upon the ALJ to scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts. The ALJ must be especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited." Vidal, 637 at 713 (quoting Cox v. Califano, 587 F.2d 988, 991 (9th Cir. 1978)).

Plaintiff argues that the ALJ did not meet his burden under Cox to develop the record to ensure that her interests were protected. More specifically, plaintiff contends that the ALJ erred in failing to obtain updated treatment reports. Plaintiff notes that the evidence in the record at the time of the October 2008 hearing was identical to that used to support the initial denial of plaintiff's claim more than a year earlier, except that plaintiff provided two additional pieces of evidence. That evidence consisted of a one-sentence note dated October 7, 2008 from plaintiff's treating gastroenterologist, Dr. Diliberto, stating that plaintiff was being treated for "GERD/Esophagitis and Gastritis," and a two-paragraph letter dated October 10, 2008

1  from her primary care physician, Dr. Bland of Seal Beach Medical Group. Dr. Bland stated that plaintiff had
2  "persistent and unrelenting" fibromyalgia, chronic fatigue syndrome, chronic recurrent migraine and tension
3  headaches, and depression with "no hope for improvement or remission in the foreseeable future." [JS 8;
4  see AR Court Transcript Index; AR 33, 54-58, 288, 290]. Plaintiff subsequently submitted to the Appeals
5  Council a January 2011 letter from Dr. Bland in which he reiterated the statements in his October 2008 letter
6  and added that plaintiff was "unable to maintain any gainful employment." [AR 295].

7  During the hearing, plaintiff testified that she saw Dr. Bland once a month, and that she had been
8  seeing Dr. Diliberto for about seven months for gastrointestinal problems. [AR 36-37]. However, the record
9  did not contain any treatment notes from Dr. Diliberto. The most recent treatment note from Dr. Bland was
10 dated July 20, 2007, and the record also contains an August 2007 assessment from Dr. Bland . [See AR 237,
11 268-270]. The ALJ did not request updated treatment reports from either doctor, nor did he suggest to
12 plaintiff that she make an effort to submit them. [See AR 29-50].

13 The ALJ concluded that plaintiff's gastrointestinal impairments were "non-severe as they have not
14 lasted for a continuous 12-month period." [AR 22; see also AR 22 ("[T]he medical evidence revealed that
15 [plaintiff] began treating for gastrointestinal problems less than 12 months ago.")]. Under the Social
16 Security Act, however, "disability" means an "inability to engage in any substantial gainful
17 activity by reason of any medically determinable physical or mental impairment which can be
18 expected to result in death or which has lasted *or can be expected to last* for a continuous period
19 of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (italics added); see
20 Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995) ("An individual is disabled within the
21 meaning of the Social Security Act when she is unable to engage in any substantial gainful
22 activity by reason of any medically determinable physical or mental impairment which can be
23 expected to last for a continuous period of not less than twelve months.")(internal quotation
24 marks and ellipsis omitted), cert. denied, 517 U.S. 1122 (1996).

25 Plaintiff testified that she continued to experience gastrointestinal symptoms and recently had gone
26 to the emergency room due to "constant diarrhea," dehydration, and pain. [See AR 40-41, 46]. The ALJ
27 did not develop the record with respect to the expected duration of plaintiff's GERD, esophagitis, and
28 gastritis by obtaining plaintiff's treatment records or taking other steps to obtain relevant evidence from Dr.

Diliberto. The ALJ's failure to develop the record in this respect was error because the record is inadequate. See Mayes v. Massanari, 276 F.3d 453, 459-460 (9th Cir. 2001) ("An ALJ's duty to develop the record further is triggered . . . when the record is inadequate to allow for proper evaluation of the evidence.") (citing Tonpetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001) (stating that when the ALJ's duty to "conduct an appropriate inquiry" is triggered, the ALJ "may discharge this duty in several ways, including: subpoenaing the claimant's physicians, submitting questions to the claimant's physicians, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record"). In addition, the ALJ's finding that plaintiff's gastrointestinal impairments are non-severe solely because those impairments had not already lasted twelve continuous months reflects the application of an erroneous legal standard.

The ALJ rejected Dr. Bland's October 2008 assessment on the ground that it was "inconsistent with the substantial medical evidence, and is not supported by the progress notes." [AR 22]. However, the record does not include Dr. Bland's progress notes for at least a year prior to the hearing. The ALJ did not request those records or ask plaintiff to do so. It was error for the ALJ to reject Dr. Bland's opinion based on an incomplete and inadequate record that the ALJ made no effort to develop. In the circumstances of this case, the record was inadequate to support the determination of nondisability, and the ALJ did not meet his "heavy burden" to elicit favorable as well as unfavorable facts in the absence of counsel. Cf. McLeod v. Astrue, 640 F.3d 881, 884 (9th Cir.2011) (holding that the ALJ had no duty to request more information from two treating physicians where "[i]t appears from the record that *substantially all of their medical records throughout the time they treated [the claimant] were before the ALJ*") (italics added).

The ALJ breached his duty to be "especially diligent in exploring for all the relevant facts" to protect the interest of an unrepresented claimant, Tonapetyan, 242 F.3d at 1150, and a remand for further administrative proceedings is warranted. See Higbee, 975 F.2d at 561 ("When the heavy burden imposed by Cox is not met, and the claimant may have been prejudiced, the interests of justice demand that the case be remanded.") (internal quotation marks omitted).

On remand, the ALJ should take appropriate steps to fully and fairly develop the record, conduct a

new hearing, and issue a new hearing decision containing appropriate findings.  See Tonapetyan, 242 F.3d at 1151 (remanding for further development of the record and "for further appropriate proceedings in light of that additional development").[1]

///

### Conclusion

The Commissioner's decision is not supported by substantial evidence and is not free of legal error. Accordingly, the Commissioner's decision is reversed, and the case is remanded to the Commissioner for further administrative proceedings consistent with this memorandum of decision.

**IT IS SO ORDERED.**

April 27, 2012

_____
ANDREW J. WISTRICH
United States Magistrate Judge

---

[1] This disposition makes it unnecessary to consider plaintiff's remaining contentions.